

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-24-00253-CR
_____

BRIAN RICKER, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1830850

_____

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

A jury convicted Appellant Brian Ricker of one count of continuous sexual abuse of a young child and one count of indecency with a child by contact.[1] *See* Tex. Penal Code Ann. §§ 21.02(b), 21.11(a)(1). The trial court assessed his punishment at life in prison for the continuous sexual abuse count and ten years in prison for the indecency count. We affirm.

Ricker's court-appointed counsel has filed a motion to withdraw and a brief in support of that motion, in which brief he avers that, in his professional opinion, "there was no arguable error in the trial court's judgment" and that any appeal would therefore be frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by professionally evaluating the appellate record and demonstrating why no arguable grounds for relief exist. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991). Counsel also complied with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (requiring appointed counsel to notify the client that the motion and brief have been filed; to provide the client a copy of each; and to take steps to assist the client in understanding his pro se rights, effectuating those rights, and securing pro se access to the record).

---

[1] The jury also convicted Ricker on two other counts of indecency with a child by contact and one count of aggravated sexual assault of a child under 14. At the trial on punishment, the State dropped those counts.

This court gave Ricker the opportunity to file a response on his own behalf, but he did not do so. Likewise, the State declined to file a responsive brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 10, 2025